**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

INTERNATIONAL UNION OF PAINTERS    :
    AND ALLIED TRADES DISTRICT       :     **CIVIL ACTION**
    COUNCIL 21, HEALTH AND         :
    WELFARE FUND,                 :     **NO.**
BERNIE SNYDER, in his official capacity as    :
    a fiduciary,                    :
2980 Southampton-Byberry Road      :
Philadelphia, PA  19154           :
                              :
           Plaintiffs,         :
                              :
        v.                      :
                              :
LENICK CONSTRUCTION, INC.        :
1994 York Road               :
Jamison, PA 18928            :
                              :
        and                  :
                              :
TRACEY LYNCH, Chief Financial Officer    :
717 S. Christopher Columbus Blvd.      :
Unit #821                   :
Philadelphia, PA 19147           :
                              :
           Defendants.       :

**COMPLAINT IN CONFESSION**

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

**JURISDICTION**

1.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 1132, 1145; 29 U.S.C. § 185(a); and/or 28 U.S.C. § 1331. The claims asserted are made under federal statutes or federal common law, and the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) also extends to claims that are found to lie under state law.

## VENUE

2.      The Eastern District of Pennsylvania is the proper venue under 29 U.S.C. §§ 1132(3)(2) because the DC 21 Funds are administered in this judicial district and Defendant Lenick Construction operates in this district.

## PARTIES

3.      Plaintiff, International Union of Painters and Allied Trades District Council 21 Health and Welfare Fund ("Welfare Fund"), is a trust fund established under 29 U.S.C. § 186(c)(5) and a "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. § 1002(1), (3), and (37). The Welfare Fund maintains a place of business and is administered from an office located at the address in the caption of this Complaint.

4.      Plaintiff, Bernie Snyder (hereinafter "Snyder"), is a trustee and fiduciary of the Welfare Fund within the meaning of 29 U.S.C. § 1002(21) with respect to collection of contributions due to the Welfare Fund and related matters. He has a business address as listed in the caption and is authorized to bring this action on behalf of all Trustees of the Welfare Fund and the Welfare Fund as an organization.

5.      The Welfare Fund and Snyder are authorized collection fiduciaries and/or agents for:

(a) International Union of Painters & Allied Trades District Council 21 Annuity a/k/a IUPAT District Council 21 Annuity Fund ("Annuity Fund"), a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee benefit plan" within the meaning of 29 U.S.C. §1002(37), (1) and (3);

(b) International Union of Painters and Allied Trades District Council No. 21 ("Union"), an unincorporated labor organization within the meaning of Section 3(5)

of the Labor Management Relations Act of 1947 (hereafter "LMRA"), as amended, 29 U.S.C. § 185, with its principal office located at 2980 Southampton-Byberry Road, Philadelphia, PA 19154. Union is the collective bargaining agent for the covered employees of Defendant, Lenick Construction, Inc.;

(c) IUPAT District Council No. 21 HRA Fund; IUPAT District Council 21 Training and Education Fund a/k/a Finishing Trades Institute of the Mid-Atlantic Region ("Apprenticeship Fund"); the National Apprenticeship Fund; the IUPAT District Council 21 Ralph Williams Scholarship Fund ("Scholarship Fund"); District Council 21 Labor Management Fund; the International Union of Painters and Allied Trades, District Council No. 21 Jobs Organization Program Trust Fund; Drywall Finisher Target Fund; IUPAT District Council No. 21 Vacation Fund; IUPAT District Council No. 21 Benevolent Fund; IUPAT District Council No. 21 Political Action Fund; and the IUPAT District Council No. 21 Industry Advancement Fund (altogether with Welfare Fund and Annuity Fund, "DC 21 Funds"); and

(d) IUPAT District Council No. 711 Finishing Trades Institute/Apprentice Committee; IUPAT District Council No. 711 STARS Program; IUPAT District Council No. 711 Labor Management Fund; IUPAT District Council No. 711 Job Targeting Fund; and IUPAT District Council No. 711 Political Action Committee (altogether "DC 711 Funds" and together with Union, Snyder, and DC 21 Funds, "Plaintiffs").

6. The Welfare Fund, Annuity Fund, Apprenticeship Fund, Scholarship Fund, the DC 21 Funds, and the DC 711 Funds, to the extent they qualify as qualified employee benefit plans under ERISA, are jointly or severally referenced as "ERISA Funds."

7. Defendant, Lenick Construction, Inc. (hereinafter "Defendant" or "Lenick Construction") is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), and 29 U.S.C. §§ 1002(5), (11), and (12) with a business office at the address listed in the caption.

8. Defendant, Tracey Lynch (hereinafter "Lynch" or "Guarantor"), is an adult individual who, based upon reasonable investigation, resides at the address listed in the caption. Lynch is the Chief Financial Officer of Lenick Construction with a personal address listed in the caption. Lynch executed the Settlement Agreement and Promissory Note on behalf of Lenick Construction and individually as Guarantor of the instrument attached as Exhibit A.

## CAUSE OF ACTION

9. Union and Lenick Construction are parties to one or more collective bargaining agreement(s) which require that Lenick Construction submit monthly remittance reports and contributions to the Funds. Defendant became delinquent in submitting required contributions to the Funds and thereafter entered into a Settlement Agreement with Promissory Note with the Funds directly to resolve Defendant's delinquency.

10. On December 11, 2024, Lenick Construction entered into a settlement agreement (hereinafter "Settlement Agreement") for the repayment of monies due to the Plaintiffs pursuant to said collective bargaining agreement(s) in the aggregate amount of $506,481.23. Lynch has guaranteed personally the amount owed, and, in the event of default, Defendants have agreed to the entry of judgment against them in an amount equal to that set forth in the Promissory Note (hereinafter the "Note"), which Lynch executed pursuant to the Settlement Agreement along with a Warrant of Attorney to Confess Judgment (hereinafter the "Warrant of Attorney"). A true and

correct copy of the Settlement Agreement, including the Note and Warrant of Attorney, is attached hereto as Exhibit "A."

11.    The Note and Warrant of Attorney provide that Plaintiffs may confess judgment in the event of default as defined by Paragraph 7 of the Settlement Agreement.

12.    The Note mandated Lenick Construction to make two separate monthly payments to the Welfare Fund (the "Installment Payments") by the due dates set forth in the agreement commencing on December 11, 2024, and ending on December 1, 2025. The Installment Payments owed to the Welfare Fund are set forth in "Amortization Schedule A" and "Amortization Schedule B," attached to the Settlement Agreement as the "Amortization/Payment Schedule." Exhibit "A," 7-8.

13.    Lenick Construction has defaulted on its obligations under the Note as of no later than September 2, 2025, and in particular, by failing to make Installment Payments for the months of September 2025 through December 2025. Accordingly, and pursuant to the Note, the amount of $186,647.56 remains due on the Note, accounting for payments already made.

14.    Pursuant to the Settlement Agreement, Lenick Construction is also obligated to "timely submit all current monthly contributions and remittance reports ("Current Contributions"), commencing with hours worked during November 2024 as required by the collective bargaining agreement(s)." Exhibit "A," ¶ 6.

15.    Lenick Construction has failed to submit contributions for the DC 21 Funds for the months of August 2025 and September 2025 in the amount of $101,449.79, and has failed to submit reports and contributions for November 2025 through February 2026.

16.    Due to Defendant's failure to submit reports of hours worked to the DC 21 Funds for the period of November 2025 through February 2026, Plaintiffs are unable to precisely

calculate the amount due and owing for that period. Based on Defendant's reports for January 2025 through September 2025, Plaintiffs calculate that Defendant's average monthly contribution to the DC 21 Funds is approximately $58,810.31 per month. Plaintiffs thus estimate that Defendant owes approximately $235,241.24 in contributions to the DC 21 Funds for the 4-month period of November 2025 through February 2026 for which Defendant failed to produce reports.

17.     Defendant has also failed to submit contributions for the DC 711 Funds for the months of July 2024 through April 2025 in the amount of $32,128.04, and has failed to submit reports and contributions for the period of August 2025 through January 2026.

18.     Due to Defendant's failure to submit reports of hours worked to the DC 711 Funds for the period of August 2025 through January 2026, Plaintiffs are unable to precisely calculate the amount due and owing. Based on the reports received for July 2024 through July 2025, Plaintiffs calculate that Defendant's average monthly contribution to the DC 711 Funds is approximately $27,241.17 per month. Plaintiffs thus estimate that Defendant owes approximately $163,447.02 in contributions to the DC 711 Funds for the 6-month period of August 2025 through January 2026 for which Defendant failed to produce reports. A true and correct copy of the Funds' Employer Contribution Inquiries for Lenick Construction are attached hereto as Exhibit "B".

19.     Defendants have defaulted on the Settlement Agreement and Note. The total, principal amount now due and owing, inclusive of missed Installment Payments and missed Current Contributions is $718,913.65.

20.     Plaintiffs have provided Notice to Defendant of their default (hereinafter "Notice of Default") and of Plaintiffs' intention to compel payment, in the manner prescribed by Paragraph 12 of the Settlement Agreement, by mailing the notice of default by first class mail with a courtesy email to Lenick Construction Inc., ATTN: Tracey Lynch, 1994 York Road, Jamison, PA 18928

([tracey@lenickconstruction.com](mailto:tracey@lenickconstruction.com)). Exhibit "A", ¶ 12. A true and correct copy of the Notice of Default is attached hereto as Exhibit "C."

21.     Defendants did not respond to the Notice of Default and did not cure the default in the manner prescribed by Paragraph 8 of the Settlement Agreement. Exhibit "A", ¶ 8.[1]

22.     Pursuant to the Note, "[u]pon the occurrence of any event of default described in paragraph seven (7) of the Settlement Agreement, the unpaid balance of the Principal Sum together with interest at the rate then charged by the Internal Revenue Service for delinquent taxes under Section 6621(a) of the Internal Revenue Code plus ten (ten) percentage points in excess of such rate from the date of the last payment and all such other amounts described in the Settlement Agreement shall, at the option of the holder, become immediately due and payable." Exhibit "A," 9-10.

23.     The date of Defendant's last payment, which was for the Installment Payment then due on August 1, 2025, was received by the Welfare Fund on September 18, 2025. The IRS rate for delinquent taxes under Section 6621(a) on September 18, 2025 was seven percent (7.0%). Thus, Plaintiffs are entitled to an interest rate of seventeen percent (17.0%) pursuant to the Note. *Id*.

24.     Pursuant to the Note, if any installment "is not paid within seven (7) days after the installment is due," a late charge of one hundred dollars ($100.00) shall be applied. Exhibit "A," 8. Altogether, Defendants have failed to pay eight (8) installment payments, resulting in late charges of $800.00.

---

[1] Note that the Settlement Agreement lists previous counsel Maureen W. Marra, Esq. ("Marra") as the contact person for the Plaintiffs. Undersigned counsel has confirmed that Marra has not received any communication from Lenick Construction or Lynch since Plaintiffs sent the Notice of Default.

25.     Plaintiffs are also entitled, pursuant to the Note, to "reasonable attorneys' fees and costs." Exhibit "A," 10. As of April 6, 2026, Plaintiffs have incurred $2,300.00 in attorneys' fees and costs, inclusive of the filing fee for the filing of this complaint.

26.     The total amounts due and owing by Defendant to Plaintiffs under the Note as of April 6, 2026, is itemized as follows:

| Principal Amounts Due | |
|---|---|
| Settlement Agreement Installment Payments | $186,647.56 |
| Reported Contributions Owed to DC 21 Funds for August 2025 through September 2025 | $101,449.79 |
| Reported Contributions Owed to DC 711 Funds for July 2024 through April 2025 | $32,128.04 |
| Est. Unreported Contributions Owed to DC 21 Funds for November 2025 through February 2026 | $235,241.24 |
| Est. Unreported Contributions Owed to DC 711 Funds For August 2025 through January 2026 | $163,447.02 |
| **Principal Subtotal** | **$718,913.65** |
| Late Charges | $800.00 |
| Attorney's Fees and Costs | $2,300.00 |
| Ongoing Interest on Unpaid Installment Payments at the Rate of Seventeen Percent Per Annum, which is equal to $86.93 per day, from September 18, 2025 through April 6, 2026 | $17,386.35 |
| **TOTAL DUE** | **$739,400.00** |

27.     The instrument at issue is less than twenty years old. Accordingly, no application for a court order granting leave to enter judgment after notice is required.

28.     Defendant Lynch has agreed to waive any exemption law and process regarding the judgment confessed. Exhibit "A," 10. Accordingly, the Court may enter judgment immediately.

*D.H. Overmyer Co., Inc. of Ohio v. Frick Company*, 405 U.S. 174 (1972); *USA v. Stewart*, 392 F. 2d 60 (3d Cir. 1968).

29.    The transaction upon which Plaintiffs seek judgment did not arise from a retail installment sale, contract or account, and was a business transaction.

30.    Defendant is neither incompetent nor an infant, nor is enrolled in the military.

31.    Judgment is not being entered by confession against a natural person in connection with a consumer credit transaction.

32.    Judgment on the Settlement Agreement with Note (Ex. A) has not heretofore been entered in any other jurisdiction.

33.    The Settlement Agreement with Note (Ex. A). has not been assigned.

**WHEREFORE**, Plaintiffs request this Court to grant judgment in the form submitted herewith against Defendant and in favor of Plaintiffs in the amount of $739,400.00, with interest to run at the rate of 17.0% per annum on the principal balance until the balance has been paid, and to grant such additional relief as is just.

**Respectfully Submitted,**

**SPEAR WILDERMAN, P.C.**

By:    /s/Samuel E. Shopp
              Samuel E. Shopp, Esq.
              Attorney I.D. 334733
              230 S. Broad St., Suite 1650
              Philadelphia, PA 19102
              (215) 732-0101
              Attorney for Plaintiffs

DATE: April 7, 2026